FILED

UNITED STATES BANKRUPTCY COURT

DEC 23 2004

WESTERN DISTRICT OF WISCONSIN

CLERK U.S.
BANKRUPTCY COURT
CASE NO _____

---

In re:                                                  Case Number: 04-10802-7

TODD ALAN BLOSSFIELD and
MARIA ISABEL BLOSSFIELD,

  Debtors.

---

LERNEDA J. BLOSSFIELD,

  Plaintiff,

v.                                                      Adversary Number: 04-103

TODD ALAN BLOSSFIELD and
MARIA ISABEL BLOSSFIELD,

  Defendants.

---

MEMORANDUM OPINION, FINDINGS OF FACT,
AND
CONCLUSIONS OF LAW

The Court conducted the trial in this adversary proceeding on November 17, 2004. The plaintiff, Lerneda J. Blossfield, was represented by Maris Rushevics, while the debtors, Todd and Maria Blossfield, were represented by William G. Weiland. The plaintiff is the mother of the debtor, Todd Alan Blossfield. Mr. Blossfield and his wife, Maria, moved into the plaintiff's home in the early 1990s. At the time, the plaintiff had lived in the house for some forty years and raised her family on the property, a rural farmstead consisting of the house and approximately forty acres of land. There

were no mortgages against the property at the time Todd and Maria moved into the house.

The plaintiff had worked in a nursing home for a number of years and had become worried about what might happen to her home in the event she became incapacitated and was required to enter such a facility. She and Todd began discussing various options, including the transfer of the property into his name. According to the largely uncontroverted testimony, her goal was to maintain the home "in the family" and live on the premises as long as she possibly could. Ultimately, the parties visited a lawyer, who prepared a deed transferring title to Todd and Maria but which reserved a "life estate" in the property in favor of the plaintiff.

It is also uncontroverted that shortly after this deed was executed, Todd sought a loan from a local credit union in order to make certain renovations to the home. The lender was apparently concerned about the existence of the life estate, and according to Todd he was informed that the life estate would need to be removed in order for him to receive the financing. The principal disparity in the testimony of the parties revolves around whether Todd clearly sought his mother's permission to eliminate the life estate. In his testimony he indicates that he believes he spoke with her "about" the subject, but she adamantly denies ever giving her consent or even discussing the matter.

Remarkably - and undoubtedly tragically for all involved - there is absolutely no written document which indicates that the plaintiff agreed to the termination of her life

2

estate. According to Todd, he contacted the lawyer, who in turn simply took the prior deed, crossed out the language about the life estate, and refiled the document in the county records without ever obtaining the plaintiff's signature on the revised deed. This constitutes circumstantial evidence that the plaintiff was unaware of the destruction of her "life estate" in the property until much later.

Todd obtained a $40,000.00 loan to perform the remodeling of the home. A couple of years later, he and Maria obtained a second $40,000.00 loan; this one was largely used to consolidate some of the couple's credit card debt, purchase a vehicle, and perform a few additional renovations to the house. Meanwhile, the relationship between the parties deteriorated (the testimony indicated that the primary tension was between the plaintiff and Maria). Ultimately, the plaintiff left the house. While there was some disagreement in the testimony about whether she was told to leave or whether all three of them agreed that she should, it is clear that she left and did not return.

The debtors thereafter obtained a third loan, again using the property as collateral, this time for $30,000.00. They indicated that a portion of this money was intended to "pay" the plaintiff for the house, but they both acknowledged that no payment was ever made and that they used the funds for their own purposes (admittedly, there was a small payment of under $1,500.00 for some damaged personal property, but there was no payment on the real estate itself). Todd and Maria subsequently divorced, and the property was sold during the divorce proceedings for

3

an amount which approximated the outstanding liens on the property - all of which had been incurred by Todd and Maria after the termination of the plaintiff's life estate interest. The plaintiff subsequently sued Todd and Maria in state court (along with the attorney who prepared the deed) and obtained a consent judgment against Todd and Maria for $27,500.00.[1] It is that judgment which is the subject of this adversary proceeding.

The plaintiff's complaint in this case broadly pleads that the obligation in question is nondischargeable under 11 U.S.C. § 523. Much of the focus of the pleadings was on allegations of fraud, but in the plaintiff's trial brief the plaintiff also specifically argued that the debt was nondischargeable under 11 U.S.C. § 523(a)(6) as a debt "for willful and malicious injury" to the property of another. The evidence does not reflect an overt intention to defraud the plaintiff at the time the original deed was executed, and given the disparity in testimony over the removal of the life estate interest, it is unclear that Todd made any specific misrepresentations to his mother about his plans to use the home as collateral for a loan. However, the plaintiff's interest in the real estate was destroyed not by her action but by Todd's efforts to mortgage the property. There is no indication from the record that he clearly obtained his mother's consent to terminate the life estate, nor any written document to memorialize it. The question is whether his efforts represent a "willful and malicious" injury to the plaintiff's life estate interest.

---

[1] According to the testimony, the plaintiff settled with the attorney for $15,000.00.

4

In order for an injury to be "willful and malicious," the debtor must have purposefully inflicted the injury or acted with substantial certainty that injury would result. In re Conte, 33 F.3d 303 (3rd Cir. 1994). The term "willful" means that the act was deliberate or intentional. In re Costarella, 104 B.R. 465 (Bankr. M.D. Fla. 1989). "Malicious" means an act done deliberately, knowingly, and without just cause or excuse. In re Lampi, 152 B.R. 543 (C.D. Ill 1993). The debtor clearly intended to terminate the life estate, and he took advantage of that termination to remove all of the equity from the home. The result was completely contrary to the plaintiff's stated desire to remain in the home as long as her health would permit. The termination and dissipation of her life estate interest were deliberate and knowing; the debtor clearly acted with substantial certainty that the loss of the life estate would result from his actions. Even the debtor's own testimony fails to reflect that he clearly obtained his mother's consent, but he proceeded nonetheless down a path that cost his mother the home she had lived in the better part of her life.

Therefore, the debtor's obligation to the plaintiff is nondischargeable within the meaning of 11 U.S.C. § 523(a)(6). Given that there was insufficient evidence regarding the direct involvement of Maria Blossfield in the initial effort to terminate the life estate, however, the plaintiff did not demonstrate that she acted in a similar "willful and malicious" manner. Therefore, the Court concludes that the $27,500.00 judgment debt is dischargeable as to her.

Accordingly, as to Maria Blossfield, the obligation to the plaintiff is discharged. As to Todd Blossfield, the $27,500.00 state court judgment is nondischargeable under 11 U.S.C. § 523(a)(6) as it constitutes a "willful and malicious injury" to the property interest of another.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated: December 23, 2004

BY THE COURT:

_____
Hon. Thomas S. Utschig
U.S. Bankruptcy Judge